*Greenwald v. Schy*, No. 656-10-13 Wncv (Teachout, J., January 14, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Washington Unit**                                        **Docket No. 656-10-13Wncv**

**JUDITH GREENWALD**
    **Plaintiff**

    **v.**

**GARY A. SCHY**
    **Defendant**

### DECISION
### Ms. Greenwald's Motion for Summary Judgment

Plaintiff Judith Greenwald claims that she made two $40,000 loans to Defendant Gary A. Schy, her son-in-law, who quit making interest payments in 2013 and has refused to pay the $68,000 principal balance. She has filed a motion for summary judgment seeking to establish Mr. Schy's liability.

There is no dispute that these loans were made in 2005 and each was reduced to writing. On their face, the agreements are clear and complete. According to each, Mr. Schy was to make semi-annual interest payments and pay the principal amount on March 1, 2010 without demand. At some point, Mr. Schy paid $12,000, reducing the total principal balance to $68,000. At another point, the parties agreed to reduce the interest rate to 7% from 8%. Mr. Schy alleges no ambiguity in the terms of the agreements and does not dispute his liability, as claimed by Mr. Greenwald, insofar as the loan agreements go.

In opposition to summary judgment, however, he claims that the loan agreements have no actual effect because the *real* agreement between the parties was completely different. According to him, the parties orally agreed that Ms. Greenwald would give him $80,000 as partial compensation for certain services and as financial support that he had given to her over the years and partially as a way to supplement her income with his interest payments. In all events, he asserts, he was not supposed to be required to pay back the principal amount loaned. He asserts that the only reason the parties subsequently signed the written agreements that are in the record and completely contradict the alleged prior oral agreement is because Ms. Greenwald's brother insisted that they do so.

The parol evidence rule forecloses Mr. Schy's argument. The parol evidence rule is neither a rule of evidence nor a rule of interpretation. 11 Williston on Contracts § 33:3 (4th ed.) (WL updated May 2014). Rather, the rule "identifies what is the proper subject matter of interpretation." *Id.* "The rule may be stated in these terms: The parol evidence rule is a substantive rule of law that prohibits the admission of evidence of prior or contemporaneous oral agreements, or prior written agreements, whose effect is to add to, vary, modify, or contradict the terms of a writing which the parties intend to be a final, complete, and exclusive statement of

their agreement." *Id*. § 33:1. "The rule is founded on experience and public policy, created by necessity, and designed to give certainty to a transaction that has been reduced to writing by protecting the parties against the doubtful veracity and uncertain memory of interested witnesses." *Id*. (quoting *Evenson v. Quantum Industries, Inc.*, 687 N.W.2d 241, 244 (N.D. 2004)).

Mr. Schy argues that an exception to the parol evidence rule, in the event of an ambiguity, applies to this case. The Vermont Supreme Court permits extrinsic, contextual evidence of the circumstances surrounding the making of an agreement to facilitate the determination of the existence of an ambiguity. *Isbrandsten v. North Branch Corp.*, 150 Vt. 575, 579 (1988). It also has taken care to emphasize that doing so,

> should not be confused with the role of the parol evidence rule. That rule, one not of evidence but of substantive law, states that whenever contractual intent is sought to be ascertained from among several expressions of agreement by the parties, an earlier tentative agreement will be rejected in favor of a later, final expression. The rule generally acts to bar evidence of statements made prior to or contemporaneous with the written instrument which would vary the terms of the final agreement.

*Id*. at 579 n.* (citation omitted); see also *Tilley v. Green Mountain Power Corp.*, 156 Vt. 91, 93 (1991) (noting that in *Isbrandsten* "we cautioned that the parol evidence rule is still good law; an oral agreement may not replace or modify an earlier or contemporaneous written agreement").

There is no ambiguity in the written agreements in this case and the alleged, prior oral agreement itself cannot be used to contradict the written agreements. Extrinsic evidence can be used to show context only; it cannot be used to contradict the written agreement. *Id*. at 93–94.

## ORDER

For the foregoing reasons, Ms. Greenwald's motion for summary judgment is *granted*.

Dated at Montpelier, Vermont this 14th day of January 2015.

_____
Mary Miles Teachout
Superior Judge